**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT McGUIRE, | ) | |
| | ) | |
| Petitioner, | ) | 3:11-cv-00029-HDM-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| NEVADA DEPARTMENT OF | ) | |
| CORRECTIONS DIRECTOR, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On November 1, 2010, petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Wyoming. On January 12, 2011, the case was transferred from the District of Wyoming to the District of Nevada. Upon receiving the case, the court ordered the parties to file a joint status report advising the court of the current status of the case. On March 2, 2011, respondents filed a status report stating that the sole matter

1  pending before the court is the petition for writ of habeas corpus.

2  **I.   Review of Petition**

3  Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing 2254 Cases in the United States District Courts; *see also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)).

Here, petitioner's allegations, however, do not make such attacks.  Petitioner expressly states that he is not challenging his conviction.  Instead, petitioner asserts that he seeks to challenge violations of the Western Interstate Corrections Compact arising from the conditions imposed upon him in Nevada's prisons.  Petitioner's claims center on the conditions of his confinement at Ely State Prison, not the fact or duration of that confinement.  Thus, petitioner's claims are not appropriate for habeas corpus relief. Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983.

2

*Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford*, 599 F.2d at 891-92.

## II. Certificate of Appealability

In order to proceed with an appeal, a petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and

determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice for failure to state a cognizable habeas corpus claim.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter judgment accordingly.

Dated this 25th day of April, 2011.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

4